# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MARIE ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SA CV 16-01686 AFM <br><br> **MEMORANDUM AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I.
## BACKGROUND

Plaintiff Barbara Marie Anderson filed her application for supplemental security income under Title XVI of the Social Security Act on March 18, 2013, alleging disability beginning August 14, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge ("ALJ") on March 10, 2015, at which Plaintiff testified on her own behalf. A vocational expert also testified. In a decision dated April 7, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act since March 18, 2013, the date the application was filed. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated July 26, 2016. Plaintiff filed a

Complaint herein on September 12, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on March 1, 2017 and the Commissioner filed a memorandum in support of her answer on March 21, 2017. Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Error in a social security determination is subject to harmless error analysis. *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Reversal "is not automatic, but requires a determination of prejudice." *Id.* A reviewing federal court must

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), and the parties' memoranda in support of their pleadings.

consider case-specific factors, including "an estimation of the likelihood that the result would have been different, as well as the impact of the error on the public perception of such proceedings." *Id.* (footnote and citation omitted).

## III.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the

national economy. *Id.* The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## IV.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 18, 2013, the date of the application. (AR 14.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of lumbar spine and lumbar stenosis; degenerative joint disease left hip; and degenerative disc disease of cervical spine. (AR 14-16.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work:

> Specifically, [plaintiff] can lift/carry up to 10 pounds occasionally and frequently; stand/walk approximately two hours of an eight-hour workday; sit approximately six hours of an eight-hour workday with normal breaks; frequently operate foot controls with the bilateral lower extremities; occasionally climb ramps/stairs, never ladders, ropes and scaffolds; occasionally balance, stoop, kneel, crouch and crawl; and avoid concentrated exposure to extreme cold, excessive vibrations, and workplace hazards such as dangerous moving machinery and unprotected heights. (AR 16-18.)

Finally, at step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a secretary. (AR 18-19.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act since March 18, 2013, the date the application was filed. (AR 19.)

## V.

## DISCUSSION

Plaintiff contends that the ALJ erred by not providing "specific and legitimate reasons" for rejecting Dr. Oliveira's (treating physician) opinion and by failing to obtaining medical records from Dr. Oliveira to fully and fairly develop the record. (Plaintiff's Memorandum at 6.)

On March 3, 2015, Dr. Oliveira wrote a letter summarizing Plaintiff's medical history and existing physical condition. *See* AR 448-49. In that letter, Dr. Oliveira stated that Plaintiff had been his patient since February 23, 2014. (*Id.*) In addition, Dr. Oliveira stated that in June 2014 Plaintiff had a lumbar spinal fusion that lowered her lumbar pain from a 10/10 level to a 4/10 level. (*Id.*) Dr. Oliveira also stated that an MRI conducted by Dr. Khan revealed a "second disabling condition" in Plaintiff's cervical spine. (*Id.*) While Dr. Oliveira stated that Plaintiff has seen a reduction in pain, he opined that "together with her lumbar issues, her cervical spine issues keep her totally disabled." (*Id.*)

The ALJ gave "little weight" to Dr. Oliveira's opinion because the opinion was not supported by the cumulative evidence, noting specifically that Plaintiff's pain had been reduced from level 10/10 to 4/10 and that the results of an MRI showed a "mild" degree of arachnoid adhesion and "mild" degree of facet arthropathy. (AR 18.) The ALJ also stated that the determination of disability is reserved for the commissioner and not the treating physician. (*Id.*)[2] The ALJ based

---

[2] Social Security Ruling 96-5p provides that "[i]f the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." An ALJ may not reject a treating physician's opinion based merely on an invocation that the opinion involved an issue reserved to the Commissioner. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (ALJ was required to consider physician's opinion that claimant was "unlikely" to work full time because it was an assessment based on objective medical evidence); *Reddick*, 157

this assessment on the two-page letter provided by Dr. Oliveira. (AR 448-49.) There is no indication in the record that the ALJ contacted or requested additional documents from Dr. Oliveira. The letter from Dr. Oliveira, however, suggests that he was willing and able to discuss or provide documents regarding Plaintiff's treatment. (*Id.*)

The Court finds that the ALJ failed to fully and fairly develop the record regarding Dr. Oliveira's opinion and reverses the ALJ's decision on that basis. An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. *See Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001); *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's duty exists whether or not plaintiff is represented by counsel. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). An ALJ may discharge his duty to develop the record in several ways, including subpoenaing the plaintiff's physician, submitting questions to the physician, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tonapetyan*, 242 F.3d at 1150 (citations omitted). "[B]ecause treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." Social Security Ruling ("SSR") 96-5p.

Here, the letter submitted by Dr. Oliveira, which summarizes the doctor's opinion of Plaintiff's physical condition, logically suggests that treatment notes are

---

F.3d at 725 (ALJ must provide legally sufficient reasons to reject a treating physician's opinion on the ultimate issue of disability).

available. (AR 448-449.) In that letter, Dr. Oliveira states that Plaintiff had been his patient for over a year and that he was involved in the ongoing treatment of Plaintiff. (AR 448.) It is reasonable to conclude that a physician who treated Plaintiff over the past year would have notes and other records relating to that treatment. The letter further communicates Dr. Oliveira's willingness to assist in these proceedings: "Please feel free to contact me at your earliest convenience should you wish to speak with me directly about this matter." (AR 449.) Thus, the ALJ was put on notice that treatment records for the Plaintiff almost certainly existed and were likely available upon request.

Because the decision rejects Dr. Oliveira's opinion due to lack of support in the record and because there was a strong indication that the doctor's treatment records existed, the onus was on the ALJ to contact Dr. Oliveira to inquire about his supporting records before rejecting the opinion as unsupported. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought [she] needed to know the basis of [the treating physician's] opinions in order to evaluate them, [she] has a duty to conduct an appropriate inquiry, for example, by subpoenaing the physician or submitting further questions to them.") The ALJ, however, apparently made no effort to obtain evidence that could be found in Plaintiff's treatment records. (AR 12-57.) That was a failure to fully and fairly develop the record. *See Decoursey v. Astrue,* No. CV 10-0628 JCG, 2011 WL 781925, at *5 (C.D. Cal. Feb. 28, 2011) (ALJ improperly rejected opinion of treating physician without seeking treatment records that were available and could have been produced on request). Whether Dr. Oliveira properly based his opinions on sufficient clinical findings may be a valid question, but it is a question that the ALJ should have attempted to address with reference to Dr. Oliveira's treatment records. *See* SSR 96-5p; *Hayes v. Astrue*, 270 Fed. Appx. 502, 504 (9th Cir. 2008) (finding error in the ALJ's failure to consider test results that could have been produced upon request). The ALJ's reliance on the lack of record evidence supporting

Dr. Oliveira's opinion — without seeking the doctor's treating notes — does not constitute a "specific and legitimate" basis for discounting the doctor's opinion. *See DeCoursey* at *3-4.

"ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and . . . 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Given Dr. Oliveira's opinion that Plaintiff is permanently disabled and unable to work, it cannot be confidently said no reasonable ALJ would have found Plaintiff disabled had the opinion been fully credited. Therefore, the error in failing to seek Dr. Oliveira's treatment notes — and in improperly assessing the weight to be given Dr. Oliveira's opinion without those records — is not harmless.

\* \* \*

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F. 3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler*, 775 F.3d at 1105. Here, further proceedings would be

useful to resolve conflicts and ambiguities in the record and would allow a request for (and consideration of) the treating notes of Dr. Oliveira.[3] *See id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). Plaintiff has failed to show that this case presents the rare circumstances that would warrant an immediate award of benefits.

*******************

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: August 17, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.

9